**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARYL L. JONES, | No. 11-36026 |
| Plaintiff - Appellant, | D.C. No. 9:11-cv-00003-JCL |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

Submitted November 8, 2012[**]
Portland, Oregon

Before: RIPPLE[***], TROTT, and PAEZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

Because the facts and circumstances of this case are known to the parties, we refer to them only as necessary to explain our decision.

Jones asserts that the Administrative Law Judge (ALJ) fatally erred by failing to determine at step 2 of the familiar sequential evaluation analysis whether Jones (1) had a severe mental impairment, and (2) if so, whether that impairment met or equaled any of the listed impairments. The record conclusively refutes this claim. The ALJ did adequately perform the requisite step 2 analysis, saying he would discuss his step 2 findings "in more detail at findings number 3, 4, and 5." The district court was correct when it concluded that "[a]lthough the ALJ did not adequately document his application of the special technique in his step two analysis, he included the requisite findings and conclusions in his step three analysis." Thus, no substantive analytical error occurred, and Keyser v. Comm'r of Soc. Sec. Admin., 648 F.3d 721 (9th Cir. 2011) is inapposite.

We also conclude that the ALJ did not err in considering "the circumstances under which [Dr. Mahoney's] report was obtained and its consistency with other reports, records, or findings" with respect to evaluating the reliability of his report. Reddick v. Chater, 157 F.3d 715, 726 (9th Cir. 1998).

We further conclude that the record supports the ALJ's decision not to give controlling or great weight to Dr. Johnson's opinion because the ALJ reasonably

found that the treatment notes reflecting a conservative course of treatment provided little in the way of support for Dr. Johnson's conclusory statement regarding Jones's ability to work.  See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  The ALJ's opinion gives "specific and legitimate" reasons for discounting Dr. Johnson's opinion based on substantial evidence.  Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).  Thus, we also conclude that the ALJ's assessment of Jones's residual functional capacity was supported by substantial evidence.

**AFFIRMED.**